IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TRAVIS JOHN JENNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-068 |
| | ) | |
| STACEY STONE, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate at McRae Correctional Facility in McRae, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) Respondent has filed a motion to dismiss, (doc. no. 11), to which Petitioner has responded, (doc. no. 14). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 11), the petition be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

The Middle District of Florida sentenced Petitioner for child pornography distribution to sixty-six-months of imprisonment, of which he has served thirty-seven months. (Doc. no. 1, pp. 1, 22; doc. no. 11.) Petitioner states Immigration and Customs Enforcement (ICE) policy requires the placement of mandatory detainers on alien prisoners. (Id. at 6.) Because of the detainer, the Bureau of Prisons (BOP) places a public safety factor (PSF) classification

of deportable alien on the prisoner.  (Id. at 8-9.)  As a result, aliens are prohibited from being released on their home eligibility date, which is six months prior to their projected release date.  (Id. at 5-7.)  Petitioner states ICE has placed a detainer on him and, as a result, he will not be eligible for release on his home eligibility date.  (Id. at 12.)  BOP placed two PSF classifications on Petitioner as a deportable alien and sex offender.  (Id. at 27.)  Petitioner's home eligibility date is November 6, 2019, and his projected release date is May 6, 2020. (Id. at 17, 29.)  Petitioner argues the ICE and BOP policies violate his due process and equal protection rights.  (Id. at 11, 14-15.)  Petitioner admits he did not exhaust administrative remedies but argues BOP grievance remedies are futile and thus do not qualify as available remedies.  (Id. at 17.)

Petitioner filed the instant action alleging the ICE and BOP policies are discriminatory against aliens and result in six months of additional incarceration that citizens do not receive.  (Id. at 3.)  Petitioner contends, even though he does not contest deportation, release on the home eligibility date is not available for him because of his PSF classification as a deportable alien prisoner.  (Id. at 9; doc. no. 1-1, p. 1.)  Petitioner requests:  (1) deportation on his home eligibility date of November 2, 2019; (2) an escort to the airport and return to his home country; (3) permission to take "whatever property home with [him] that [he] see[s] fit"; and (4) a judicial declaration that "B.O.P's arbitrary and mandatory policy to have low security inmate aliens who do not contest deportation in prison for up to SIX months longer than equally positioned U.S. citizens, as unconstitutional on its face . . . ." (Doc. no. 1-1, p. 2.)

## II.    DISCUSSION

### A.    Petitioner May Bring His Claims in a § 2241 Petition.

Respondent asserts a § 2241 petition is not the proper vehicle for Petitioner's claims because they concern BOP's application of public safety factors to Petitioner and the effect on his ability to be released on his home release date, as opposed to the execution or duration of his sentence.  (Doc. no. 11, p. 4.); see, e.g., Simms v. Johns, No. 5:17-CV-6, 2017 WL 6030052, at 5-6* (S.D. Ga. Oct. 17, 2017), *report and recommendation adopted by*, No. 5:17-CV-6, 2017 WL 6028398 (S.D. Ga. Dec. 5, 2017); Caba v. United States, No. CV 310-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010) *report and recommendation adopted by*, No. CV 310-082, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010).  This Court has considered such allegations in a § 2241 petition, and the Eleventh Circuit has found challenges by a federal prisoner to his place of confinement may be considered in a § 2241 petition.  United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008); Baranwal v. Stone, No. CV 314-098, 2015 WL 171410, at *1-2 (S.D. Ga. Jan. 13, 2015).  Thus, Petitioner can arguably bring his claims in a § 2241 petition, and the Court rejects Respondent's request for dismissal on this basis.  In any event, Petitioner is not entitled to the relief he seeks.

### B.    The Court Does Not Determine Whether Petitioner Exhausted the Available Administrative Remedies.

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements.  Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016).  Although exhaustion of administrative remedies is not a jurisdictional requirement in

a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted).

Respondent argues Petitioner has not exhausted because he "fail[ed] to submit any administrative remedies at any of the required levels with BOP during his incarceration." (Doc. no. 11, p. 3.) Petitioner contends administrative review is futile because BOP makes its PSF determination based on ICE procedures, which cannot be challenged within BOP's administrative remedy system. (Doc. no. 14, p. 4.)

The Eleventh Circuit has previously held there is no futility exception to the § 2241 exhaustion requirement because of the jurisdictional nature of the requirement for § 2241 petitions. McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012). After McGee, however, the court in Santiago-Lugo held the exhaustion requirement is not jurisdictional for § 2241 petitions. The court in Santiago-Lugo did not address whether a futility exception exists, nor has the court done so thereafter. Because it is unclear whether a futility exception exists and, if so, what standard applies, the Court will "skip over the exhaustion issue" and address Petitioner's grounds for relief on the merits. Santiago-Lugo, 785 F.3d at 475.

### C.    Petitioner's Claims Fail on the Merits.

Petitioner makes two arguments. First, he argues the "warrantless detainer" placed by ICE without the "option to waive contest of deportation" violates his due process rights and

constitutes a "different punishment" than is prescribed for citizens.  (Doc. nos. 1, pp. 10-11; 14, p. 8.)  Second, Petitioner argues BOP policy requiring entry of the PSF classification against only alien prisoners, based on the lodging of ICE detainers, deprives them of the potential for release on their home release dates, and constitutes an equal protection violation.  (Id.)  Petitioner is not entitled to relief because the inability of alien prisoners to obtain home release dates in this context does not rise to the level of a violation of the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 2241(c)(3).

First, because federal prisoners do not possess a liberty interest in their security classifications, a claim that the PSF deprives Petitioner of liberty without due process in violation of the Fifth Amendment must fail.  See Sandin v. Conner, 515 U.S. 472, 487 (1995) (finding due process clause does not afford prisoner protected liberty interest regarding solitary confinement); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (holding no due process interest in prisoner classification and eligibility for rehabilitative programs in federal system); United States v. Ramdeo, 705 F. App'x 839, 840-41 (11th Cir. 2017) (explaining prisoner has no due process protections regarding prisoner classifications, including public safety factors); Baranwal v. Stone, No. CV 314-098, 2015 WL 171410, at *3 (S.D. Ga. Jan. 13, 2015) (holding federal prisoners do not possess liberty interest in security classification). Nor do federal prisoners possess a liberty interest in rehabilitative programs or the place of their confinement.  See, e.g., McKune v. Lile, 536 U.S. 24, 39 (2002) (holding no procedural due process protections regarding place of confinement); Meachum v. Fano, 427 U.S. 215, 225 (1976) (finding no liberty interest under due process clause regarding transfer within state prison system); Moody, 429 U.S. at 88 n.9, 97 (same as above).

More specifically, all other courts to address this issue have determined that early release under § 3624(c) does not create a liberty interest because it refers to no mandatory procedures.  Baranwal, 2015 WL 171410, at *4 (citing Gambino v. Gerlinski, 96 F. Supp. 2d 456, 459 (M.D. Pa.), *aff'd*, 216 F.3d 1075 (3rd Cir. 2000) (collecting cases)).

Second, prison officials do not offend equal protection principles by excluding prisoners from such programs based on substantive differences such as security classifications or detainers.  See, e.g., Smith v. Hoff, No. 2:17-cv-008, 2017 WL 3429358, at *4, n.4 (S.D. Ga. Aug. 9, 2017), *adopted by*, 2017 WL 4782679 (finding prisoners have no equal protection interest in eligibility for assignment to halfway houses) (citing McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999)); Baranwal, 2015 WL 171410 at *3 (holding exclusion of prisoners with public safety factors from home eligibility does not offend equal protection principles) ; Caba v. United States, No. CV 3:10-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010), *adopted by*, 2010 WL 5441919 (same).

Finally, to the extent Petitioner attempts to challenge a future BOP decision under 18 U.S.C. § 3624 denying release on his home eligibility date, such claims do not entitle Petitioner to relief.  Under the Administrative Procedure Act ("APA"), habeas corpus may be used to challenge BOP action.  See 5 U.S.C. § 703.  Where Congress by statute has precluded judicial review of an agency decision, a court's review is limited to whether the agency has acted outside its statutory limits or has violated the constitution.  See Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago–Lebron v. Florida Parole Com'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011).  However, 18 U.S.C. § 3625, precludes judicial review under the APA of "any BOP determination, decision, or order under" any provision of 18 U.S.C.

§§ 3621 to 3626.  Thus, the Eleventh Circuit has concluded § 3625 entirely precludes judicial review of determinations by BOP under the relevant statutes except to the extent a prisoner challenges the underlying rules and regulations establishing the criteria governing the BOP decision making process.   Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000). Additionally, where a challenge concerns a BOP program statement, courts give BOP "some deference" when determining whether the program statement is a reasonable implementation of BOP's relevant statutory authority.  Id. at 1319-20; Santiago-Lebron 767 F. Supp. 2d at 1352-53; Barr v. United States, Case No.: 4:16cv108/WS/EMT, 2016 WL 6841691, at *4 (N.D. Fla Oct. 28, 2016), adopted by 2016 WL 6832635 (N.D. Fla Nov. 18, 2016).

BOP has the statutory authority to determine the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). ("The Bureau of Prisons shall designate the place of prisoner's imprisonment.")  Under 18 U.S.C. 3624(c), BOP has the authority to allow a prisoner to serve "a portion of the final months of [his imprisonment] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community . . . ."  Pursuant to its authority under § 3624(c), BOP "may . . . place a prisoner in home confinement . . . ."  18 U.S.C. 3624(c)(2). BOP determination of eligibility for early release or home confinement is considered a decision regarding inmate facility placement under § 3621(b), over which BOP has wide discretion.  See 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); Ramdeo, 705 F. App'x at 840 ("[T]he BOP is afforded wide discretion in classifying and housing prisoners, and our review of those decisions is limited.").

BOP program statement 7320.01 provides inmates are eligible for home confinement if they are (1) referred to community corrections or (2) eligible for direct placement of home confinement.  (Doc. no. 11-3, p. 5, 9.)  However, an inmate is only eligible for direct placement on home confinement if he has no PSFs.  (Id. at 9.)  Furthermore, inmates who receive a deportable alien PSF "shall not ordinarily participate" in community corrections programs.  Bureau of Prisons, Program Statement 7340.004, at 11 (1998), https://www.bop.gov/policy/progstat/7310_004.pdf.

These program statements are reasonable implementations of BOP's broad statutory authority to determine the place of an inmate's confinement under § 3621(b) and discretionary authority to place an inmate in home confinement under § 3624(c).  Thus, to the extent Petitioner challenges the relevant BOP program statements determining Petitioner is not eligible for home confinement due to his deportable alien PSF, Petitioner's challenge fails.  In sum, because Petitioner has not shown that his confinement is in violation of the constitution or any federal law, he has failed to state a claim for relief.

## III.   CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 11), the petition be **DISMISSED**,

this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of May, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA